BASSER'S SILK CO. *v.* UNITED STATES (No. 3857) [1]

United States Court of Customs and Patent Appeals, November 4, 1935

Brooks & Brooks (*Ernest F. A. Place* of counsel) for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*William Whynman*, special attorney of counsel), for the United States.

142

[Oral argument October 11, 1935, by Mr. Place and Mr. Whynman]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The importer has here appealed from a judgment of the United States Customs Court, Third Division, overruling the protests and sustaining the action of the collector in assessing duty upon the entered value of certain imported silks rather than upon the final appraised value of the same.

The importer contended in the trial court and contends here that the provisions of section 489, Tariff Act of 1922, requiring that " * * * Duties shall not, however, be assessed upon an amount less than the entered value * * *" do not apply by reason of the exception contained in said section, and that it has complied in every respect in the entry of its merchandise by certifying at the time of entry that the entered value was higher than the value defined by the tariff act involved and that the goods were so entered in order to meet advances by the appraiser in similar cases then pending on appeal to reappraisement or re-reappraisement.

Our decision involves a consideration of section 489 of said tariff act as well as section 514 thereof, the pertinent provisions of which follow:

SEC. 489. ADDITIONAL DUTIES. * * * Duties shall not, however, be assessed upon an amount less than the entered value, except in a case where the importer certifies at the time of entry that the entered value is higher than the value as defined in this Act, and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and the importer's contention in said pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and it shall appear that the action of the importer on entry was so taken in good faith, after due diligence and inquiry on his part, and the collector shall liquidate the entry in accordance with the final appraisement.

SEC. 514. PROTEST.—All decisions of the collector, * * * his liquidation of any entry, or refusal to pay any claim for drawback, *or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation when liquidation is made more than ten months after the date of entry,* shall be final and conclusive upon all persons, unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation or decision, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, or decision, the reasons for the objection thereto, and if the merchandise is entered for consumption shall pay the full amount of duties, charges, and exactions ascertained to be due thereon. Under such rules as the Board of General Appraisers may prescribe, and in its discretion, a protest may be amended at any time prior to the first docket call thereof. (Italics ours.)

The so-called duress certificates filed by the appellant are in the ordinary form except that the spaces provided for the citation of or the naming of the similar case or cases then pending were left blank. The blank spaces left for the numbers of the cases now contain straight red lines which were inserted by the collector.

In the trial in the Customs Court of the issue raised by the protests, the importer attempted to bring itself within the exception mentioned in said section 489 by showing that although the numbers in pending cases were known to the importer's agent who prepared and filed the duress certificates, he, through oversight, neglected or omitted to insert the numbers of the proper similar cases pending on appeal for reappraisement or re-reappraisement in which there had been advances.

According to the appellant, the sole issue in the pending cases, which he at one time had in mind, involved only the question of the inclusion in the dutiable value of the so-called Japanese consumption tax of 10 per centum.

Before the trial court there was an issue presented in which the importer claimed that the collector erred in not permitting it to amend the duress entries on account of clerical error by inserting the correct numbers in the certificates. That claim does not seem to be pressed here, although error was assigned as to the refusal of the collector to permit amendment by inserting in the certificates the correct numbers. As we understand it, this assignment of error was not intended to raise the question as to whether or not appellant was entitled to make such changes in the entries as are provided for in section 487 which relates to deductions or additions in the entry being made before the invoice or the merchandise have come under the observation of the appraiser for the purpose of appraisement. The record shows that appellant requested the collector to permit amendment of the entries by inserting the proper numbers in January 1933. The entries were made in 1927.

Appellant bases its whole contention for reversal of the judgment of the trial court on the meaning to be given to the term "clerical error" as used in said section 514, and urges that when the attention of the collector was called by proper protest to the fact that a clerical error had been discovered within the time prescribed by the statute and when proof of such fact was made, as it alleges it did make, it was the collector's duty to reliquidate on the actual reappraised value, which did not include the said Japanese tax, rather than upon the entered value, as is required by the above-quoted mandatory provisions of section 489, *supra*.

In this court appellant urges that this is the first time this court has been called upon to consider the question as to what constitutes a clerical error when considered in connection with section 489, and

it seems that the only real question presented for decision is whether or not the facts shown by the record with reference to the aforesaid omission constituted clerical error within the meaning of said section 514.

The appellant produced before the trial court the testimony of one Chalmers W. Overton, a customs broker, who prepared the duress certificates in the entries involved. He testified in substance that he prepared the duress certificates and had, in 1926 and 1927, made out so-called duress certificates and attached them to entries for his clients, and had made duress certificates other than those at bar for the account of the same importer; that he did not insert the red ink lines in the blank spaces provided for inserting the number or numbers of the test cases, and that No. 62996, and No. 768869, were entry numbers in entries prepared by him "antedating these three entries for this same account" and that he had knowledge of these numbers at the time he made out the entries at bar, and that "We had the numbers right in the office." Then the following questions and answers were made:

Q. Have you any explanation to make as to why the three certificates covered by the three instant protests did not bear the citation of a proper entry number?— A. Simply an oversight. I figured the entries and gave them to the young lady to make up, and when I signed them, I should have filled in the numbers which I forgot.

Mr. WHYNMAN. You forgot?

The WITNESS. Through an oversight I forgot to attach.

Assuming, without deciding, that the term "clerical error" referred to in said section 514 may cover a clerical error made in a duress certificate, it seems that the only question presented for this court's decision is: Under the facts above stated, was there such a clerical error made by the entrant of the merchandise involved in this appeal as falls within that term in said section 514?

On this phase of the case the trial court, in an opinion by Judge Evans had this to say:

As to the alternative claim that the omission of the citation of the test case was due to a clerical error, the testimony of the agent who made entry of the merchandise on behalf of the importer, discloses that he knew the correct number which should have been inserted in the certificate and that his failure to insert such number was due to an oversight and forgetfulness on his part. We know of no decision nor has one been called to our attention in which proof of carelessness has been held to be sufficient to sustain a claim of clerical error. The essence of clerical error is intention. McQuillan v. United States, 18 C. C. P. A. (Customs) 215, T. D. 44401. A person from whose memory something has slipped cannot be said to have any intention in regard to that thing. On the proof presented the claim of clerical error is overruled.

We agree with the trial court in the language used and very little more on this phase of the case need be said. The party preparing the duress certificates did not clerically err by inserting something

which he did not intend to insert. He simply did nothing because he said: "Through an oversight I forgot to attach". To hold that the omission of doing anything instead of an erroneous attempt to do something constituted clerical error within the meaning of section 514 and complied with the "due diligence and inquiry" requirement of section 489 would not only be, as we see it, erroneously defining the term "clerical error" but would be to open wide the door for frauds against the revenues of the country.

In *M. Bernstein* v. *United States*, 18 C. C. P. A. (Customs) 193, T. D. 44379, this court said:

\* \* \* In making the certificate prescribed by section 489 of said Tariff Act of 1922, is it necessary for the importer to name or specify the pending case on appeal to reappraisement which he certifies is similar to his own?

\*       \*       \*       \*       \*       \*       \*

It is apparent that there is no requirement in express words that any pending case shall be specified in the certificate, but we think that such requirement is clearly implied from the language used. Good faith after due diligence and inquiry are required upon the part of the importer as a condition precedent to his receiving the benefit of the section. Under appellant's theory that no similar cases then pending on appeal need be specified it would be almost impossible to administer the section. In our view, Congress could not have intended that a certificate not specifying any similar case pending on appeal for reappraisement would be sufficient. Congress could not have intended to throw the tremendous burden upon collectors of searching the records of the multitude of cases in the United States Customs Court, pending on appeal for reappraisement, to determine if any of them were "similar" to the case in which a "duress" entry is made. There are approximately 50 collection districts in the United States from which appeals to reappraisement are taken. While a collector could, perhaps, easily ascertain what appeals were pending from his own district, and whether any such case on appeal was similar to the case in which the "duress" entry was made, it would be a colossal task for him to make such determination for the entire United States. On the other hand, the importer must know, at the time of his entry, of cases which are similar to his own, in order to secure the benefits of section 489. This knowledge is clearly required by the section, and we hold that the similar case or cases upon which he relies must be specified in the certificate filed by him. Certainly, this construction of the statute involves no hardship upon the importer. Under appellant's theory, while an importer must know at the time of his "duress" entry of specific cases pending on appeal for reappraisement which are similar to his own, he is entitled to the benefits of the section without disclosing that knowledge in his certificate. It is easily seen that such a construction would make it easy to perpetrate frauds upon the Government. An unscrupulous importer might make a "duress" entry without any information whatever as to any similar pending cases, but hoping that there might be some such, knowing that the collector would be compelled to ascertain the fact of whether there were any such. If similar cases were found by the collector, it would be easy for the importer to say that he had knowledge of the same at the time he made his entry, and it would be difficult for the Government to controvert his statement. Under the construction we give the section this could not occur. The importer must have information concerning a specific case which is similar to his own, pending on appeal to reappraisement, and must specify the case or cases in his certificate,

and we are convinced that this was the intention of Congress in using the language we are considering in section 489. We feel clear that this is the proper construction, but even were it doubtful we should come to the same conclusion.

In that case the importer inserted the wrong number. In the case at bar it inserted no number at all. Section 489, *supra*, requires that before exception can be made in not taking the entered value, the importer is to do certain things, and at the trial it shall appear "that the action of the importer on entry was so taken in good faith, after due diligence and inquiry on his part". It would seem far fetched to contend that there was a lack of diligence and inquiry in the *Bernstein* case, *supra*, but sufficient diligence and inquiry in the case at bar.

We are of the opinion that the collector did not err in refusing to permit the amendment required by the importer on the ground that it had made a clerical error.

We agree with the conclusion reached by the trial court that the appellant has not shown that its omission in the respects heretofore indicated constitutes a clerical error within the meaning of said section 514. Compare *Ono Trading Co.* v. *United States*, 23 C. C. P. A. (Customs) 124, T. D. 47991, decided concurrently herewith. We conclude that the trial court properly overruled the protests and its judgment is *affirmed*.

LENROOT, Judge, concurs in the conclusion.